UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE MENDEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. CV 04-02926 (RZ)<br><br>MEMORANDUM OPINION AND ORDER |

　　　This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

　　　Plaintiff had arthroscopic surgery because of torn cartilage in her knee. She also had bone spurs on her heels, which, at the hearing, she stipulated also had been removed from both feet. [AR 273] The Administrative Law Judge found that her status

following the surgery, together with the bone spurs, constituted severe impairments which prevented her from performing her past relevant work. He also found, however, that she could perform other work, and therefore she was not disabled. [AR 23-28]

Under the body of law according a certain amount of deference to a treating physician, *see, e.g., Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), Plaintiff says that the Administrative Law Judge did not give proper weight to the treating physician's opinion that Plaintiff needed to use a cane and/or a wheelchair, even for short distances. [AR 168] The Court disagrees. The Administrative Law Judge specifically stated in the body of his opinion:

> . . . I find that the claimant's left knee problem and her heel spurs do preclude her from prolonged walking and/or standing. She can stand and/or walk for 30 minutes at a time *with an assistive device*, with standing and walking at will.

[AR 26 (emphasis added)]

Plaintiff also contends that the Appeals Council erred by not crediting the statement of a physician's assistant who, subsequent to the Administrative Law Judge's decision, submitted a difficult-to-read form assessment which appears to state that Plaintiff needs a "mobile wheelchair." [AR 266] Under *Ramirez v. Shalala*, 8 F.3d 1449, 1451-53 (9th Cir. 1993), the Appeals Council's consideration of this evidence forms part of the record before the Court for review. The Appeals Council found that this additional evidence did not alter the Administrative Law Judge's conclusion [AR 7] and the Court agrees. The document itself is in error in stating that Plaintiff had a knee replacement [AR 266] (she had arthroscopic surgery, not a knee replacement), and it lists as its only evidence of Plaintiff's impairment (and presumably therefore the only evidence that Plaintiff needs a "mobile wheelchair") the mere reference to an unspecified x-ray examination. [*Id.*] The Appeals Council could well have concluded that this document

was at best somewhat inaccurate, and at the most was not inconsistent with the determination that, if using an assistive device, Plaintiff could walk or stand for short periods of time.

There is a slight inconsistency between findings made within the body of the administrative decision and findings listed at the end. Thus, despite the finding that Plaintiff could walk in thirty-minute increments, the Administrative Law Judge also found that Plaintiff could perform the full range of sedentary jobs. Even if this were not so because of the thirty-minute limitation, however, the decision also clearly references specific jobs in the economy which she could perform [AR 26-27], and that determination was backed by the testimony of the vocational expert. [AR 276-79] Accordingly, any error on this point was harmless. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1197 (9th Cir. 2004) (applying harmless error standard).

The decision of the Commissioner is affirmed.

DATED: July 13, 2005

```
                                    _____
                                           RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE
```